IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANTONIA IBARRA,

        Plaintiff,

v.                                                    No. CIV 07-668 BB/LCS

K-MART CORPORATION,

        Defendant.

## MEMORANDUM OPINION
### AND
### ORDER STRIKING DR. DISKANT FROM WITNESS LIST

THIS MATTER is before the Court on Defendant's *Motion to Strike Plaintiff's Expert Witness Barry Diskant, M.D.* [doc. 16], and having considered the submissions of counsel, the Court finds the law supports the *Motion* and it will be Granted.

### *Discussion*

This is a personal injury complaint based on an alleged trip and fall at the K-Mart store in Hobbs on October 17, 2005. Plaintiff contends that as a result of the trip, she sustained injury to her neck and back, causing past and future pain and suffering, impairing her ability to function normally, and resulting in past and future medical expenses. In her answers to interrogatories, Plaintiff responded to a request to identify experts in pertinent part as follows:

    Barry M. Diskant, M.D.
    c/o MEDICAL EVALUATION CENTER, INC.
    1400 Central Avenue, SE, Suite 2200
    Albuquerque, NM 87106
    (505) 247-0481

> **Dr. Diskant will testify to but not be limited to: causation, reasonableness and necessity of medical treatment; future treatment, if any, disability, etc. (NOTE: <u>Dr. Diskant has not been retained as of this time.</u>)**

**(Mot. Strike, Ex. A, Interog. No. 6, emphasis added).**

This same designation, again with the notation "Dr. Diskant has not been retained as of this time," was repeated in *Plaintiff's Initial Disclosures* pursuant to Federal Rule of Civil Procedure 26.  On her final witness list [doc. 15], Plaintiff designated Dr. Barry M. Diskant and a certified family nurse practitioner as expert witnesses, and it was again noted Dr. Diskant had not been retained.  Based on this failure to retain Dr. Diskant, Plaintiff never provided any of the disclosures required by Rule 26(a)(2)(B) except a basic resume.  Indeed, based on Plaintiff's failure to retain him, she concedes Dr. Diskant has formed no opinions in this case.  (Pl.'s Resp. p. 1).  However, Plaintiff maintains she "intends to diligently keep trying to obtain the funds to retain Dr. Diskant and when he is retained, she will promptly provide the expert report and will allow Defendant ample opportunity to review the report and disclose any appropriate rebuttal witnesses.  Plaintiff will also stipulate to allow the deposition of Dr. Diskant to be taken."  *Id.*

While the Court has some sympathy for Plaintiff's lack of pecuniary resources, this situation cannot provide shelter from the clear requirements of Federal Rules of Civil Procedure 26 and 37.  Rule 26 itself, and cases interpreting it, disputes Plaintiff's claim that she may avoid expert disclosures by delaying her "retention" of the expert witness until disclosure deadlines imposed under Rule 16 have passed.  The 2000 amendment to Rule 37(c)(1) made exclusion of the witnesses virtually automatic if material that should have been provided in expert disclosures is not provided.  *Semi-Tech Litig., LLC v. Bankers Trust Co.*, 219

F.R.D. 324, 325 (S.D.N.Y. 2004); *see also* 8A Wright & Miller, FED. PRACTICE & PROC. CIV. 2D § 2289.1.  A violation of the Court's Rule 16 *Scheduling Order* requiring timely disclosure is also sufficient to exclude Dr. Diskant.  *Sims v. Great Am. Life Ins. Co.*, 469 F.3d 870, 894-95 (10th Cir. 2006).

Another district court recently excluded expert testimony on similar facts.  The plaintiff in *Mullins v. U.S. Bank, N.A.*, 2007 WL 2071906 (S.D. Ohio), filed a case under Title VII, 42 U.S.C. § 2000e, seeking to recover for discrimination as well as for the intentional infliction of emotional distress under state law.  The plaintiff failed to comply with the court deadlines for the disclosure of expert witnesses.  "Plaintiff explained that she could not afford to hire an accountant and that it had been logistically difficult to meet with her retained psychologist because of his schedule and her out-of-state residence."  (Slip op. at 5).  Although the court extended the disclosure deadlines, plaintiff's expert opinions were not disclosed until long after the new deadlines.  In granting the motion to strike the late expert opinions, the court said:

> Federal Rule 26(a)(2)(B) requires parties to make mandatory disclosures about their experts.  The Rule clearly requires a party using a retained expert to furnish a written report containing "a complete statement of all opinions to be expressed and the basis and reasons therefor."  Fed. R. Civ. P. 26(a)(2)(B). Federal Rule of Civil Procedure 37(c)(1) requires compliance with Rule 26(a), "mandat[ing] that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified."  *Roberts v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003) (citing *Salgado v. General Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998) (noting that "the sanction of exclusion is automatic and mandatory unless the sanction [sic] party can show that [sic] is violation of Rule 26(a) was either justified or harmless")).
>
> Plaintiff has failed to demonstrate that her failure to disclose the reports was harmless.  Although Defendants had Plaintiff's medical records, these are not a substitute for her treating physician's expert report.  Nor does Plaintiff's

3

>    **disclosure of the names of Drs. Parker and Mague satisfy her Rule 26(a)(2) disclosure requirements.**

*Id.*

As in *Mullins*, the present Plaintiff argues she disclosed Dr. Diskant's name well before the discovery cutoff. However, since Defendant never knew whether Dr. Diskant would be retained, much less what his opinion would be, there was no reason to plan a response to his testimony. *Cf. Nester Commercial Roofing, Inc. v. American Builders & Constr. Supply Co.*, 2007 WL 2962383 (10th Cir.) (mere disclosure of identity of a witness does not fulfill requirement of Rule 26).

Nor can Plaintiff legitimately argue a lack of prejudice to Defendant. She filed this case without consulting, much less retaining, Dr. Diskant. Approximately eight months after it was removed to this Court, and with discovery complete, Plaintiff still lists Dr. Diskant but without any disclosure as to when he might be retained or what he might opine. The United States Magistrate Judge assigned to this case has set a settlement conference two weeks from now and dispositive motions are due two weeks after that. Both Defendant and the Court will clearly be prejudiced if this schedule is disrupted. *Hudgins v. Vermeer Mfg. Co.*, 240 F.R.D. 682 (E.D. Okla. 2007); *Congressional Air, Ltd. v. Beech Aircraft Corp.*, 176 F.R.D. 513 (D. Md. 1997).

Notwithstanding the above, if Plaintiff does retain Dr. Diskant, the Court would consider permitting his testimony on the following conditions: (1) Plaintiff immediately provide all Rule 26 disclosures; (2) Plaintiff make Dr. Diskant available for deposition and will be responsible for all fees and costs associated therewith; (3) all deadlines will automatically be extended for six months to allow Defendant to retain an expert to consider Dr. Diskant's

4

testimony and provide such rebuttal as required; and (4) Plaintiff would then be permitted to conduct appropriate discovery from any responding expert advanced by Defendant.

## O R D E R

For the above stated reasons, Defendant's *Motion to Strike Plaintiff's Expert Witness Barry Diskant* from the Witness List is GRANTED.

SO ORDERED this 15th day of February, 2008.

                                                                                    *[signature]*
                                                                                    **BRUCE D. BLACK**
                                                                                    **United States District Judge**

**For Plaintiff:**
    Glen L. Houston, WILLIAMS & HOUSTON LTD., Hobbs, NM
**For Defendant:**
    Lisa Entress Pullen, Edward F. Messett, CIVEROLO GRALOW HILL & CURTIS, Albuquerque, NM